**JENKINS STARR, LLC and Ruth Jenkins, Plaintiffs,**

v.

**CONTINENTAL INSURANCE COMPANY, INC., Defendant.**

Civil Action No. 06–11757–NMG.

United States District Court, D. Massachusetts.

Feb. 26, 2009.

Donald P. Nagle, Law Office of Donald P. Nagle, P.C., Plymouth, MA, for Plaintiff.

Michael F. Aylward Morrison, Jennifer A. Brennan, Kathleen C. Henry, Robert A. Kole, Peter B. Moores, John A. Nadas, Choate, Hall & Stewart, Zachary N. Coseglia, Lauren Ann H. Pond, DLA Piper US, John T. Harding, Morrison Mahoney LLP, Boston MA, Seth V. Jackson, Karl S. Vasiloff, Zelle Holfmann, Voebel & Gettle LLP, Waltham, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case involves a dispute over insurance coverage for defense costs incurred in connection with contaminated real property in Belmont, Massachusetts. The plaintiffs, Jenkins Starr, LLC ("Jenkins Starr") and Ruth Jenkins, move for a declaratory judgment that the defendant, Continental Insurance Company, Inc. ("Continental"), is liable for all unreimbursed defense costs.

### I. *Background*

#### A. Factual Background

This suit arises from the contamination of real property located at 405–501 Com-

mon Street, Belmont, Massachusetts ("the Belmont Property"). Plaintiff Ruth Jenkins acquired the Belmont Property as a beneficiary of her mother's estate in 1982, and conveyed it to plaintiff Jenkins Starr in 2000.

Beginning in 1952, the Belmont Property was used to operate a dry cleaning business known as Tops Cleaners ("Tops"). On several occasions during the 1970s, accidental spills of perchlorethelyne ("PCE"), the primary cleaning agent used in dry cleaning machines, occurred at Tops.

In 2001, petroleum contamination was discovered on an abutting property owned by FBB Belmont, LLC ("the FBB Property"). In responding to that contamination, consultants discovered chlorinated volatile organic compounds ("CVOCs") in the groundwater at the FBB Property. Further investigation indicated that the CVOCs were migrating downgradient from the abutting Belmont Property and, in August of 2002, the owner of the FBB Property asserted claims against Jenkins Starr and Tops.

In December, 2003, the Massachusetts Department of Environmental Protection ("the DEP") issued a Notice of Responsibility ("NOR") to Jenkins Starr as a result of the release of CVOCs at the Belmont Property. In response to the claims against them, plaintiffs retained environmental consultants who performed site investigations and response actions. Those investigations revealed the presence of contaminants at another nearby property owned by the Common Street Trust ("CST"). In May, 2006, CST filed suit in Massachusetts Superior Court against Jenkins Starr alleging liability under Massachusetts state law for the release of hazardous material.

Defendant Continental at one time insured the Belmont Property. Ruth Starr is the named insured on "Business Owner Xtra" insurance policies spanning a six-year period. The policies provide for $1 million of liability coverage and require Continental to pay defense costs incurred by the insured.

Despite first learning of claims against them in 2002, the plaintiffs did not provide notice to Continental until July 20, 2005. In a letter dated March 22, 2006, Continental agreed to provide a defense under the policies subject to a reservation of rights. Continental subsequently entered into a cost sharing agreement with other insurers pursuant to which Continental agreed to pay 30% of defense costs.

Following a settlement between plaintiffs and the codefendant insurers, Continental reached a new agreement with plaintiffs by which it assumed 1) 30% of reasonable defense costs incurred prior to December, 2007, 2) 50% of costs from December, 2007 through January 18, 2008, and 3) 100% of costs incurred subsequent to January 18, 2008. Plaintiffs now contend that, despite agreeing to assume defense costs, Continental has failed to reimburse them for over $200,000 in expenses.

## B. Procedural History

This action was initiated in September, 2006, when Jenkins Starr and Ruth Jenkins brought suit against Continental and three other insurance carriers asserting claims for declaratory judgment (Count One), breach of contract (Count Two) and violations of M.G.L. c. 93A and c. 176D (Count Three). In early 2007, Royal–Globe Insurance Company, Inc. ("Royal"), one of the original defendants, moved for summary judgment asserting that plaintiffs were not covered insureds under the subject policies. The plaintiffs opposed that motion and filed a cross motion for summary judgment seeking an order declaring that Jenkins Starr and Ruth Jenkins were insureds under the policies.

Before the Court rendered a decision on the cross motions for summary judgment, plaintiffs filed a motion for partial summary judgment on Counts Two and Three. That motion, which was opposed, requested that the Court find as matter of law that the defendant insurance companies had breached contract provisions by failing to reimburse plaintiffs for defense costs and had engaged in unfair insurance settlement practices.

On July 31, 2007, United States District Judge Morris E. Lasker (then presiding over this case) denied all of the pending motions for summary judgment. Judge Lasker determined that disputed issues of fact precluded any finding on whether the plaintiffs were insureds under the subject policies. He further concluded that plaintiffs were not entitled to judgment as a matter of law on their breach of contract or Chapter 93A claims. With respect to the defense costs that plaintiffs claimed were owed to them, Judge Lasker noted:

> It appears that a portion of these unpaid fees are pretender costs, costs related to remediation (indemnification costs), or costs that could be construed as unreasonable. The defendants may be justified in withholding payment of a portion of the plaintiffs' requested fees if the fees are determined to fall into the aforementioned categories. The plaintiffs' motion for summary judgment is therefore DENIED.

Following Judge Lasker's ruling, three of the four insurance company defendants settled with the plaintiffs. Plaintiffs subsequently filed the pending motion for declaratory judgment which has been opposed by Continental, the only remaining defendant.

Plaintiffs seek a declaration from this Court that Continental is liable for all unreimbursed defense costs and future defense costs. In their motion, plaintiffs assert that those costs total $280,268.70.

Continental responds that upon receiving plaintiffs motion for declaratory judgment it requested and received an itemization of unreimbursed defense costs stating a revised total of $271,348.64. It further asserts that it has since paid an additional $21,173.47 to plaintiffs for their defense costs.

## II. *Analysis*

### A. **Legal Standard**

■ Plaintiffs' motion is entitled a "Motion for Declaratory Judgment Ruling that Continental Insurance Company is Liable for All Unreimbursed Defense Costs and All Future Defense Costs Incurred by Plaintiffs." In essence, plaintiffs ask this Court to declare, as a matter of law, that the defendant Continental is liable for specific costs plaintiffs have incurred. Consequently, this Court will treat the pending motion as a motion for partial summary judgment on plaintiffs' claim for declaratory relief (Count One).

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is

such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the nonmoving party's favor, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

**B. Application**

 Plaintiffs' motion for declaratory judgment must fail because genuine issues of material fact preclude the entry of declaratory judgment as a matter of law.

In denying plaintiffs' motion for partial summary judgment on their breach of contract claim, Judge Lasker explained that the defendants failure to pay for plaintiffs' defense cost could be justified if those costs were determined to be 1) pre-tender costs (i.e., defense costs incurred by the plaintiffs before they notified insurers of the claims against them), 2) costs related to remediation or 3) costs that could be construed as unreasonable. Having failed to prevail as a matter of law on their breach of contract claim, the plaintiffs now seek a declaration that, in effect, amounts to the same thing, i.e., a declaration that Continental is liable for all of the costs incurred and characterized by the plaintiffs as "defense costs."

Continental acknowledges that it must pay all reasonable, post-tender defense costs. As it did in opposing summary judgment, however, it disputes that the costs for which plaintiffs seek reimbursement fall within those parameters. Because Judge Lasker concluded that genuine issues of fact precluded summary judgment with respect to those costs, Continental asserts that this Court must deny plaintiffs' motion for declaratory judgment.

Plaintiffs present no new evidence to demonstrates that the factual disputes identified by Judge Lasker have been resolved. Nor do they address the impact of Judge Lasker's prior ruling on the subject motion. Rather, they focus much of their argument on their inability to obtain specific information from Continental regarding the grounds for disputing certain costs. Plaintiffs' dissatisfaction with Continental's discovery responses, however, does not warrant a declaration by this Court that Continental is liable for all outstanding defense costs.

Because this Court perceives no justification for disturbing the prior findings of Judge Lasker, the existence of genuine issues of material fact precludes the declaratory relief that plaintiffs seek.

**ORDER**

In accordance with the foregoing, plaintiffs' motion for declaratory judgment (Docket No. 75) is **DENIED.**

**So ordered.**